**United States District Court**
For the Northern District of California

1

2

3                    UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5

6   LONGS DRUG STORES CALIFORNIA,              No. C13-1383
    LLC and ARMSTRONG DEVELOPMENT
7   PROPERTIES, INC
                                               **ORDER TO SHOW CAUSE**
8           Plaintiffs and Petitioners,        **REGARDING THIS COURT'S**
                                               **JURISDICTION OVER PLAINTIFFS'**
9       v.                                     **WRIT OF MANDATE CLAIMS**

10  CITY OF SEBASTOPOL, CITY COUNCIL
    OF THE CITY OF SEBASTOPOL, and
11  GLENN SCHAINBLAIT

12          Defendants.
    _____/
13

14          Currently pending before the Court is Defendants' motion for partial summary judgment as

15  Plaintiffs' Second and Third Claim for Relief – Petition for Writ of Mandate pursuant to California

16  Code of Civil Procedure § 1085 and Petition for Writ of Administrative Mandate pursuant to

17  California Code of Civil Procedure § 1094.5, respectively.  The parties do not address the extent to

18  which this Court has jurisdiction over these writ claims or why, even if supplemental jurisdiction

19  extends to these claims, the Court should consider them.  However, this Court has an obligation to

20  satisfy itself of the existence of subject matter jurisdiction.  *See Grupo Dataflux v. Atlas Global*

21  *Grp., LP*, 541 U.S. 567, 593 (2004).

22          Authority exists in this Circuit suggesting that federal courts do not have the power to issue

23  writs of mandate under § 1085.  *See Hill v. County of Sacramento*, 466 F. App'x 577, 579 (9th Cir.

24  2012) ("The district court also correctly rejected Hill's claim for a writ of mandate under Cal. Civ.

25  Proc. Code § 1085 to compel the defendants to comply with federal regulations . . . .  Cal. Civ. Proc.

26  Code § 1085 authorizes only state courts to issue writs of mandate.").

27          However, even if such mandate claims fall within the supplemental jurisdiction of federal

28  courts, a number of courts have declined to exercise that jurisdiction.  Under 28 U.S.C. 1367(c)(1), a

**United States District Court**
For the Northern District of California

1   district court may "decline to exercise supplemental jurisdiction over a claim" if the claim "raises a

2   novel or complex issue of State law."  Federal district courts in this state have frequently declined to

3   exercise jurisdiction over California writ of mandate claims on this basis.  *See, e.g.*, *Mory v. City of*

4   *Chula Vista*, No. 10-cv-252 JLS (WVG), 2011 WL 7777914 (S.D. Cal. Mar. 1, 2011) ("Because

5   writs of mandate are exclusively state procedural remedies, they involve complex issues of state law.

6   Thus, district courts routinely deny supplemental jurisdiction over California writ of mandate

7   claims."); *City Limits of N. Nev., Inc. v. County of Sacramento*, No. 2:06-cv-1244-GEB-GGH, 2006

8   WL 2868950 (E.D. Cal. Oct. 6, 2006) ("Since Plaintiffs' state claim involves mandamus

9   proceedings that are uniquely in the interest and domain of state courts . . . Plaintiff's state claim is

10  dismissed under section 1367(c)(1)." (citation and internal quotation marks omitted); *Clemes v. Del*

11  *Norte County Unified Sch. Dist.*, 843 F. Supp. 583, 596 (N.D. Cal. 1994), *overruled on other*

12  *grounds, Maynard v. City of San Jose*, 37 F.3d 1396, 1403 (9th Cir. 1994) ("Mandamus proceedings

13  to compel a state administrative agency to act are actions that are uniquely in the interest and domain

14  of state courts.  It would be entirely inappropriate for a federal court, through exercise of its

15  supplemental jurisdiction, to impose itself upon such proceedings.").

16          Additionally, other district courts have declined supplemental jurisdiction over California

17  writ of mandate claims where the plaintiff's mandamus claim predominated over any federal claim.

18  *See, e.g.*, *Tomlinson v. County of Monterey*, No. C07-00990 RMW, 2007 WL 2298038 (N.D. Cal.

19  Aug. 8, 2007) ("The court has original jurisdiction over the plaintiff's 28 U.S.C. § 1983 claim,

20  however the merits of that claim are bound up with the mandamus determination that plaintiff seeks.

21  The mandamus relief requested constitutes the core of this lawsuit.  Consequently, the state law

22  claims predominate over the federal claims and the court may properly decline to exercise

23  jurisdiction pursuant to 28 U.S.C. § 1367(c)(2).").

24          Accordingly, the parties are **ORDERED** to **SHOW CAUSE** why Plaintiffs' writ of

25  mandamus claims should not be dismissed without prejudice under 28 U.S.C. § 1367(c).  The parties

26  shall expressly address: (1) whether this court has jurisdiction over the mandamus claims; (2) the

27  extent to which the mandamus relief requested either does or does not predominate over the asserted

28  federal claim; and (3) whether considerations of federalism and comity militate in favor of dismissal.

1    The parties shall file cross briefs in response to this order.  The briefs shall not exceed 7 pages in

2    length and shall be filed no later than 5:00pm, Wednesday, February 19, 2014.  If necessary, the

3    parties may file cross-responses, not to exceed 4 pages,  no later than 5:00pm, Friday, February 21,

4    2014.

5         The hearing on Defendants' motion for summary judgment, currently set for Thursday,

6    February 20, 2014, is **VACATED** and will, if necessary, be re-set for a future date after the Court

7    considers the parties' response to this order.

8

9         IT IS SO ORDERED.

10   Dated:  February 12, 2014

11                                        _____

12                                        EDWARD M. CHEN
                                          United States District Judge

**United States District Court**
For the Northern District of California

3